SUMMERS, Justice.
 

 Appellant Howard Lee Higginbotham was charged by bill of information in that, contrary to Article 62 of the Criminal Code, he committed simple burglary of a building in the city of Monroe belonging to New York Hardware Company, a partnership composed of Herschel A. Gentry, Sr. and Herschel A. Gentry, Jr.
 

 Appellant entered a plea of not guilty, he was tried by a jury, convicted and sentenced to 9 years in the State Penitentiary, with credit for time served. Eleven bills of exceptions were reserved and perfected which are relied upon in support of this appeal.
 

 Bill No. 1
 

 Defense counsel reserved this bill to the trial judge’s refusal to sustain his challenge for cause of James A. Altick, a prospective juror. The challenge is based upon the testimony of Altick on voir dire -examination. He testified that he was acquainted with Herschel Gentry, one of the partners of New York Hardware Company and a victim of the robbery; and that they were social acquaintances and members of -the same Rotary Club. Incidentally, it was also shown that Altick was acquainted with defense counsel, the district attorney and others involved in the trial.
 

 That morning Altick had discussed some aspects of the case with Gentry, Gentry having pointed out to Altick that the case involved a burglary and that he, Gentry, had heard the store’s warehouse burglary alarm sound on the day the crime was committed. Gentry also expressed a belief as to the guilt or innocence of the defendant in Altick’s presence. However, on two occasions, in response to questions by the prosecuting attorney and the trial judge, Altick declared that neither his friendship for Gentry nor what Gentry had said to him about the case would in any way affect his judgment on the guilt or innocence of appellant.
 

 The ruling denying the challenge for cause is correct. This record sheds no doubt on the competency of the prospective juror to serve. La.Code Crim.Proc. art. 787. It is not per se evidence of partiality that a prospective juror is friendly with the party injured by the offense. The relationship must be such that it is reasonable to conclude that it would influence the juror in arriving at a verdict. We do not think it a reasonable conclusion in this case and the trial judge did not abuse his discretion.
 

 The true test to be applied to an impression formed by a prospective juror,
 
 *992
 
 where a belief concerning the guilt or innocence of the accused has been expressed by another in his presence, is set forth in Article 797 of the Code of Criminal Procedure. According to that authority, even where the juror has in fact formed an opinion or impression as to the guilt or innocence of the defendant, which is doubtful in this case, it is not sufficient ground for challenge if the juror declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence. State v. Lampkin, 253 La. 337, 218 So.2d 289 (1969).
 

 This bill has no merit.
 

 Bill No. 2
 

 The prospective juror Langston Billings was challenged for cause by defense counsel, because of his close association with Officer Simon, who we infer was involved in appellant’s arrest or detention. The claim is that because of their friendship Billings could not be a fair and impartial juror. On voir dire examination Billings testified that he knew Officer Simon “casually”, or “pretty good”. He conceded that Simon’s opinion of him or of his conduct would be “significant” to him.
 

 This challenge was properly denied. The bill is without merit. Aside from the fact that a casual or “pretty good” acquaintance does not connote partiality, Billings’ answer is inconclusive. The meaning of “significant” in the context of the questions and answers in the record is so vague and indefinite it would not serve to establish a “reasonable” conclusion that prejudice or partiality existed. La.Code Crim.Proc. art. 797; State v. Bush, 117 La. 463, 41 So. 793 (1906).
 

 Bill No. 3
 

 David Arrant, an equipment operator for the Department of Highways, was challenged for cause by the defense because he was an employee of the State of Louisiana. This, it is argued, creates a. bias in the juror’s mind, though perhaps-, subconscious, in favor of the State, a party in interest.
 

 Other than the bare facts recited, there-is nothing upon which the charge of partiality can be rested. For one thing the activities of the Department of Highways and its employees are no more related to-crime control than are the activities of citizens generally.
 

 Partiality cannot be presumed or-based upon speculation or conjecture. There must be some special showing of probable prejudice, something more than constructive partiality, to warrant this Court in overturning the trial judge’s ruling. It is essential that the trial judge-have a wide latitude in deciding upon a juror’s qualifications. The particular facts, and circumstances of each case are to be.
 
 *994
 
 carefully • considered before an appellate court is warranted in finding that this latitude has been breached. La. Code Crim. Proc. art. 787; State v. Hall, 255 La. 854, 233 So.2d 541 (1970); State v. Reese, 250 La. 151, 194 So.2d 729 (1967), cert. denied 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495.
 

 Bill No. 4
 

 This bill involved another challenge for cause of a prospective juror. Joseph S. Ardoin was challenged upon the ground that his wife was an employee of the State of Louisiana, a party in interest. It was •shown that Ardoin’s wife had been a nurse at Charity Hospital for four years. This bare fact without more is insufficient to find incompetence based upon prejudice or partiality. This bill has no merit.
 

 Bill No. 5
 

 Defense counsel challenged prospective juror Richard F. Moore on the grounds that Moore was a constable, and, as a police officer, he could not be fair and impartial in this criminal prosecution. When this challenge was denied, Moore was challenged for cause as an employee of the State. This challenge was also denied.
 

 As we said before, in the absence of a special showing of prejudice or partiality, the mere fact that a party holds a position with the State unconnected with the particular facts involved in the trial forms no basis to. sustain a challenge for cause. State v. Reese, 250 La. 151, 194 So.2d 729 (1967), cert. denied 389 U.S. 996, 88 S.Ct. 485, 19 L.Ed.2d 495.
 

 Bill No. 6
 

 This bill cannot be considered. No evidence is referred to nor was any evidence incorporated in the bill as required by law. There is, therefore, nothing to support the bill except defense coun.sel’s assertion. The rule in this situation is stated in State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971), as follows:
 

 We cannot consider this contention, because it is not properly raised by the bill of exceptions. The bill discloses no such objection, and no testimony is made a part of the bill. We only consider testimony that has been made part of a bill of exceptions.
 

 The Code of Criminal Procedure makes the requirement mandatory in these words: The appellate court shall consider only formal bills of exceptions ....
 

 A formal bill of exceptions shall contain only the evidence necessary to form a basis for the bill, and must show the circumstances and the evidence upon which the ruling was based .... (La.Code Crim.Proc. art. 844)
 

 Bill No. 7
 

 An objection to the introduction in evidence of a statement made by
 
 *996
 
 appellant shortly after his arrest, but before the Miranda warnings were given by the police, is the basis for this bill. Police officers testified that at some time after appellant was routed from the loft of the burglarized building, either while he was descending from the loft or as the police were taking him from the burglarized building to the police car, one of the officers made a statement expressing concern that someone else may be in the loft. As the officer prepared to ascend the ladder to investigate, appellant stated that he was in the building alone. The statement turned out to be inculpatory, for it disclosed inferentially that appellant must have been the owner of burglary tools and handguns later found in the warehouse.
 

 This testimony is not objectionable. Statements which are volunteered by the defendant, not given as the result of police interrogation, are admissible without Miranda warnings. Here the statement was unsolicited and volunteered as soon as the arrest was made and before the police could get the handcuffed man to the police car or give the Miranda warnings. State v. Richey, 258 La. 1094, 249 So.2d 143 (1971).
 

 As the trial judge observed, if the police did ask him if anyone was with him in the loft as he was descending, or as they were leaving the building, and he then replied he was alone, this was a permissible query by the police for their own protection. They could not be expected to turn their backs on the loft without some assurance that they would not be fired upon by an accomplice. Furthermore, it was the duty of the police to apprehend all participants in the crime and to clear the building of appellant’s accomplices, if any.
 

 Bill Nos. 8 and 9
 

 Two statements were made by appellant to police officers which appellant contends were improperly admitted in evidence.
 

 The first was made to Officer Ben Blake shortly after appellant was taken into custody. When Officer Blake gave appellant the Miranda warnings in the police car, appellant indicated he did not desire to give a statement. He was then taken to the Monroe City Jail where he was booked. While the booking procedure was being carried out, Officer Blake asked appellant why he remained in the burglarized building for such a long time after he must have known that the building was surrounded. To this question appellant retorted, “A good burglar never gives up.”
 

 The objection to this testimony and statement is that the statement was not relevant, for appellant was not competent to determine whether he was a burglar in the technical sense with which the law was concerned in his trial.
 

 Aside from the fact that the trial judge admonished the jury to disregard the state
 
 *998
 
 ment insofar as the technical, legal meaning of burglary was concerned, for the jury would be instructed by the judge as to the law of burglary, there is no merit to this contention. This statement of the accused is relevant, for it is material to the issues of the trial in that the admission tends to show the commission of the offense and the intent of the accused. La. R.S. 15:435.
 

 The second statement was made the morning after the arrest when appellant was brought to the interrogation room. He was then again given the Miranda warnings by Detective Moore, after which appellant stated that he did not wish to make a statement. Detective Moore then asked appellant if he would at least tell him where the two guns were. Whereupon appellant told Detective Moore where the guns were and how he had gained access to the building.
 

 As to the second statement, there is no evidence attached or referred to in the bill of exceptions to support the bill. Nevertheless, assuming the facts recited, taken from appellant’s brief, the bill has no merit. Nothing about the holding in Miranda prevents an accused party from changing his mind and giving a statement after he has previously declined to do so. So long as the statement was voluntary and intelligently made it is admissible as evidence.
 

 Bill Nos. 10 and 11
 

 No evidence was incorporated in or referred to in these last two bills of exceptions, and they are not, therefore, properly before the Court. It may be, however, that Bill No. 11 presents a pure question of law and should be answered. That bill asserts that it was error for the trial judge to refuse to direct a verdict. In State v. Hudson, 253 La. 992, 221 So.2d 484 (1969), we declared Article
 
 778
 
 of the Code of Criminal Procedure authorizing a directed verdict in jury trials to be unconstitutional. We have repeatedly, as we do today, reaffirmed this holding, most recently in State v. Dimopoullas, 260 La. 874, 257 So.2d 644 (1971). These bills are without merit.
 

 The conviction and sentence are affirmed.
 

 BARHAM, J., concurs.