323 So.2d 762 (1975)
STATE of Louisiana
v.
Raymond STEVENSON.
No. 56528.
Supreme Court of Louisiana.
December 8, 1975.
John R. Joyce, Wright, Joyce & Jefferson, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
BOLIN, Justice.
Raymond Stevenson was charged with the crime of armed robbery in violation of La.R.S. 14:64. Following a trial by jury defendant was convicted of the crime *763 charged and sentenced to fifteen years' imprisonment. He appeals urging four assignments of error. We affirm.
The armed robbery was committed at the Seven-Eleven Food Store on Shannon Drive, Monroe, Ouachita Parish, Louisiana. On the evening of February 12, 1975, the defendant and two companions drove to the store location where defendant and one of his confederates entered the store armed with guns, demanded and received from the attendant the store's receipts, and escaped the scene. The three men were ultimately arrested and the prosecution of this defendant ensued, resulting in his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 3 AND 4
These assignments complain of the trial court's ruling the oral confession given by defendant was free, voluntary and, hence, admissible. Defendant states three bases for this error. Each basis is made the subject of a separate assignment even though all three refer to the same allegedly erroneous ruling and the attendant consequences.
Defendant first argues the trial court erred in ruling the confession admissible because he initially declined to give a statement and only confessed after he had been confronted by one of his companions and the companion's brother. It is contended this ruling was erroneous in light of the State's failure to affirmatively show the confession was not a result of threats against defendant or of his fear of great bodily harm. La.R.S. 15:451. Defendant's second and third arguments relate to the failure of the interrogating officers to obtain his signature on a waiver of rights form and their failure to use electronic recording equipment to record his confession. Defendant contends that since the forms were readily available and the equipment was at its disposal, the State's failure to utilize them renders the ruling admitting the confession error.
The record reveals that when the interrogating officers first approached the defendant at approximately 6:00 P.M. on the evening of his arrest, he declined to give any statement. Later in the evening, however, one of the defendant's arrested companions and the co-arrestee's brother requested and were granted permission to speak to defendant, after which they reported to the officers that defendant wished to speak to them. After again apprising the defendant of his Miranda rights, the interrogating officers requested a statement from the defendant; in response he confessed his participation in the crime. No written waiver of rights was sought from defendant but an oral waiver was obtained. There is some conflict in the testimony regarding whether the officers offered to tape the confession, but it is clearly established that one of the interrogating officers took notes within the defendant's view during the taking of the confession.
The interrogating officers and defendant's companion testified on behalf of the State at the hearing outside the jury's presence to establish the free and voluntary nature of the confession prior to its admission into evidence. Both officers testified they had not threatened nor coerced the defendant in any way. They likewise testified that during the time defendant spoke privately with his companion and the man's brother, the officers occasionally viewed them through a window to assure that the discussion was calm. The record reveals that no physical coercion was observed and that no loud threats were heard. The officers acknowledged softly spoken threats would have escaped their notice, but there is no testimony to establish any such threats were made.
The defendant presented no witnesses who attacked the State's showing of the free and voluntary nature of the confession during the admissibility hearing out of the presence of the jury. The record does reveal the defendant testified in his *764 own behalf after the close of the State's case in chief. He said that a promise of freedom was made by his confederate's brother in exchange for cooperation and confession. Defendant likewise testified he did not confess to being present at the Seven-Eleven Store on the night of the robbery and did not state he had robbed anyone on that evening. However, his testimony came during the presentation of his defense, long after the admissibility of the confession had been determined out of the jury's presence and, hence, the only effect it has concerns the weight to be given the confession, and not the admissibility thereof. State v. Sears, 298 So.2d 814 (La. 1974). After a thorough review of the pertinent testimony, we hold the trial court did not err in ruling the confession admissible.
We find the defendant's argument relative to the officers' failure to obtain a waiver of rights form lacks merit. As we stated in State v. Lewis, "* * * [t]here is no requirement in Miranda that the waiver of rights be in writing. * * * [P]roof of the waiver * * * may * * * be established by other evidence." State v. Lewis, 315 So.2d 626, 629 (La.1975). Likewise, defendant cites no authority for his argument that the officers' failure to electronically record his confession establishes that it was not free and voluntary and we know of no law which mandates such a finding under the circumstances. Nor are we impressed with defendant's argument that his initial refusal to discuss the matter with the officers establishes the later confession was involuntary. In State v. Higginbotham, 261 La. 983, 261 So.2d 638 (1972) the Court explicitly recognized that an accused's decision to change his mind and give a statement after having previously refused to do so does not signal impropriety nor mandate exclusion of the confession, provided the statement was voluntarily and freely given. The Higginbotham case was cited with approval most recently by the Court in State v. Peevy, 321 So.2d 324 (La. decided November 3, 1975).
These assignments of error are without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant complains in this assignment that the trial court erred in allowing the in-court identification by another, accused of participation in the same crime, in light of the inability of the victim and the only eyewitness to identify him as one of the robbers.[*]
The defendant's complaint does not deal with identification but rather attacks the co-accused's testimony which implicated him in the armed robbery. First, it appears from the portions of the record designated in connection with this assignment of error that the testimony of the co-accused which inculpated defendant was given outside the presence of the jury, during the hearing to determine the admissibility of the defendant's confession. Even if the co-accused did testify against the defendant in the jury's presence and implicate him, we are constrained to hold that the complaint lacks merit. The trial court's Per curiam reflects that no objection was made during trial to the co-accused's "identification" of defendant. The trial court correctly notes that the contention of defendant "* * * in reality relates only to the credibility of * * * [co-accused's] testimony. * * *" This observation is correct, and the relative weight to be given a witness' testimony is an issue which must be determined by the finder of fact.
This assignment of error lacks merit.
For the foregoing reasons, we affirm the defendant's conviction and sentence.
NOTES
[*] The record reveals that the robbers both had stockings over their faces, and the face of one of them was further obscured by a bandana.