TATE, Justice.
The defendants were convicted of armed robbery, La.R.S. 14:64, and each sentenced to forty-five years at hard labor. On their appeal, they rely upon five assignments' of error. Finding no reversible merit to any, we affirm.

Motion to Suppress Identification

The most arguable of the defendants’ contentions is based upon the denial of their motion to suppress their identifica *426 tions. Assignment No. 4. It is contended that the victim’s out-of-court identification of them was impermissibly suggestive and thus unconstitutionally tainted, and that therefore his in-court identification of them as the robbers was inadmissible. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed. 1247 (1967); State v. Wallace, 285 So.2d 796 (1973).
The victim was unable to attend a physical line-up in which the present two suspects were placed. The line-up of eight men included suspects in other robberies and other fill-ins, all of similar appearance to the accused. A photograph of the lineup was made and subsequently shown to the victim. He immediately identified the two defendants as his robbers without any suggestive indication that the suspects of his own robbery were included. He had on previous occasions denied identification to photographs of other individuals when exhibited to him.
The defendants chiefly argue that the photographic line-up thus conducted was improper on the basis of abstract propositions : A physical line-up is preferable to a photographic; It is difficult to conduct a line-up at which suspects of several crimes are included, since normal dissimilarities of offenders tend to accentuate and make unduly suggestive to the victim of a particular crime any member of the line-up who resembles the offender in his particular crime.
These abstract propositions may well be correct. The present may well be a practice that should be utilized cautiously. However, in this particular case, it is not claimed or shown that this particular photographic line-up was impermissibly suggestive, or that it was comprised of other members dissimilar in appearance to the present accused.
Further, the record reflects no reason to discredit the victim’s positive testimony that he had full opportunity in the several minutes of this daytime robbery to observe and remember the robbers. Under the totality of the circumstances shown, we are unable to say that this independent basis for identification of the defendants was not reliable. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
We do not find reversible merit to this bill.
The other assignments do not require extended discussion:

Assignments 1 and 2:

In response to motions for oyer and for a bill of particulars, the state furnished certain evidence and further denied it had any evidence exculpatory of the accused. The defendants complain of the state’s failure to furnish pre-trial discovery also of the prosecutor’s file and of written statements of witnesses. Under present state law, (in the absence of a showing that exculpatory evidence is withheld) denial of such pre-trial discovery does not afford a ground for reversal on appeal of a subsequent conviction. State v. Thomas, 310 So.2d 517 (La.1975); State v. Thomas, 290 So.2d 317 (La.1974).

Assignment 3:

No abuse of discretion is shown in the trial court’s failure to grant a continuance sought by the defendant. La.C.Cr.P. arts. 707, 712; State v. Brewer, 301 So.2d 630 (La.1974). The sole ground on which the continuance was sought is that the preliminary motions were not tried until just before the merits-trial. No actual prejudice is shown by the court’s denial of a continuance and its proceedings to the trial on the date previously fixed, immediately after hearing and determination of the preliminary motions.

Assignment 5:

The uncontradicted evidence shows the oral confession of the defendants to *427 the robbery to have been made voluntarily and without coercion, after full explanation to them of their Miranda rights.

Decree

For the reasons assigned, we affirm the convictions and sentences.
Affirmed.