354 So.2d 1316 (1978)
STATE of Louisiana
v.
Robert DOMINICK.
No. 60296.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*1317 Raymond L. Simmons, Simmons, Nelson & Dunn, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Ralph L. Roy, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
CALOGERO, Justice.
On January 19, 1977 defendant Robert Dominick was indicted by the Grand Jury for the Parish of East Baton Rouge for the armed robbery of Ronnie J. Lawrence in violation of R.S. 14:64. After a trial by *1318 jury defendant was found guilty as charged. He was sentenced to ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence.
The testimony adduced at defendant's trial revealed the following facts surrounding the incident which led to defendant's arrest and conviction. On the evening of January 14, 1977 defendant and two companions, Kenneth Porter and Wilbert Matthews, borrowed a car from defendant's girlfriend in New Orleans and drove to a Shoney's Restaurant in Baton Rouge. At the restaurant, Kenneth Porter, a former Shoney's employee, spoke briefly with a friend who still worked in the kitchen of the restaurant. Thereafter defendant, along with Porter and Matthews, departed the restaurant and went to a Greyhound Bus terminal. After waiting several hours at the terminal the three returned to Shoney's after Porter conversed by telephone with his friend who worked there. The three men arrived at approximately 2:30 a.m., some time after closing time. Two of the men, Porter and Matthews, wearing ski caps and bandanas, gained access to the premises through a rear door which was opened by Porter's friend allegedly to take out the restaurant's garbage. The men ordered the assistant manager, Ronnie J. Lawrence, to give them the money in the safe and ordered another employee to give them the money from the cash register. They received an amount totaling over $2,700.00. The two men then locked all the employees except Ronnie Lawrence in the restaurant's office. Taking Lawrence with them, they rejoined defendant in the rear of the restaurant where he had been waiting in a car.[1]
On appeal of the armed robbery conviction defendant Dominick now relies on twenty-four assignments of error, consolidated into eleven arguments, for reversal of his conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 2 AND 15
In these assignments defendant contends that the trial court erred in admitting into evidence a taped inculpatory statement made by him on the day of his arrest.
By assignments numbers one and fifteen defendant alleges that the statement was involuntarily given since he was not provided an attorney prior to questioning despite his request for one. At a hearing held prior to defendant's trial on his motion to suppress the statement it was revealed that defendant was initially arrested in New Orleans and then transported to Baton Rouge by an assistant district attorney and an investigator for East Baton Rouge Parish. After his arrest in New Orleans defendant indicated on a "Rights of Arrestee" form his preference to speak with an attorney before making a decision regarding a waiver of his rights. The New Orleans police officer who arrested defendant testified at the hearing that no attorney was provided the defendant since New Orleans police had no intention of questioning him prior to his being transported to Baton Rouge. Before defendant was transported to Baton Rouge and again upon his arrival in Baton Rouge the Baton Rouge authorities also informed defendant of his rights. On neither of these occasions did defendant give any indication that he wanted to see an attorney. In Baton Rouge defendant signed another "Rights of Arrestee" form in which he waived his Miranda rights. Furthermore, the tape of defendant's statement itself revealed that defendant was again read his rights, including his right to counsel, and that he waived them.
From the evidence, it also appears that though defendant requested counsel in New Orleans before giving a statement, the Baton Rouge authorities were unaware that such a request had been made. And at no time did defendant give any indication to the Baton Rouge authorities that he desired to consult with counsel prior to giving a statement, despite their numerous recitations *1319 of that right to him.[2]. Under the above circumstances we find no error in the trial court's denial of defendant's motion to suppress as there was no violation of defendant's constitutional rights protected by Miranda.
In State v. Adams, 347 So.2d 195, 199 (La.1977) this Court phrased the general rule on the admission of confessions into evidence as follows:
Before a confession can be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La.R.S. 14:451; La. Code Crim.P. art. 703(C). It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
The issue of voluntariness is a question of fact and the trial judge's ruling thereon, based on conclusions of credibility and weight of the testimony, is given great weight. It will not be disturbed on appeal unless unsupported by the evidence. State v. Adams, supra; State v. Stewart, 325 So.2d 819 (La.1976).
When an accused, as in the present case, has voiced a desire to speak with an attorney prior to waiving his Miranda rights the investigating officers must terminate any questioning of the accused until an attorney is present. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 14 L.Ed.2d 694, (1966). The accused is not precluded, however, from later changing his mind and waiving those same rights. State v. Peevy, 321 So.2d 324 (La.1975); State v. Higginbotham, 261 La. 983, 261 So.2d 638 (La.1972). See also, State v. Strahan, 348 So.2d 79 (La.1977).
In the present case the defendant was confronted by police officers from two different jurisdictions. He was advised of his constitutional rights per Miranda on several occasions by both the New Orleans and Baton Rouge authorities. His waiver of these rights before the Baton Rouge authorities was in no way related to or a product of any acts by either the New Orleans or Baton Rouge police. We find no indication in the record now before us that the defendant's waiver of rights was the result of subterfuge on the part of law enforcement agencies to circumvent either the holding or spirit of the Miranda decision. Officer Gill of the Baton Rouge Police Department and Special Investigator Stewart of the East Baton Rouge District Attorney's Office both testified that neither promises nor threats had been made to induce or force defendant to give his statement and their testimony was uncontradicted. Therefore, we find that the trial judge did not err in admitting defendant's statement into evidence.
In assignment of error number two, defendant contends that the taking of his confession was tantamount to the acceptance of a plea of guilty. Therefore, he argues, the confession taken approximately eight hours after defendant's arrest violates Article 559 of the Code of Criminal Procedure which requires the court, upon defendant's motion within thirty days of entry of the plea, to set a plea aside which has been accepted within forty-eight hours of defendant's arrest. Article 559 refers only to guilty pleas and has no applicability to the taking of confessions. A confession is not tantamount to a guilty plea.
These assignments lack merit.

ASSIGNMENT OF ERROR NO. 3
By this assignment defendant alleges that the trial judge erred in restricting the scope of defendant's voir dire examination of prospective jurors.
It is well established that the scope of voir dire examination is within the sound discretion of the trial judge and his rulings *1320 will not be disturbed on appeal in the absence of a clear abuse of discretion. State v. Ford, 349 So.2d 300 (La.1977); State v. Clark, 325 So.2d 802 (La.1976). To determine whether the scope of the voir dire examination was improperly restricted, however, the entire record of the voir dire examination must be reviewed. State v. Vinet, 352 So.2d 684 (La.1977); State v. Ford, supra.
Our review of the voir dire examination in the present case indicates that defendant was given wide latitude in his voir dire examination. The particular objections raised by defendant are either substantively nonmeritorious under our jurisprudence or were not properly perfected in the lower court for our review.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 6
In this assignment defendant alleges that the trial court erred in denying his motion to quash the indictment under Article 485 of the Code of Criminal Procedure. Defendant contends that the bill of particulars together with the indictment show that the offense charged was not committed. In essence, defendant argues that since the state's answer to the bill of particulars stipulated that he was not physically armed with a dangerous weapon he could not have committed the charged offense, armed robbery.
A review of the state's answer to defendant's bill of particulars reveals that the complete answer to defendant's question was that although defendant was not "practically" armed with a dangerous weapon he was "legally" armed with one. The state's theory was that defendant, although himself not armed, was a principal to the crime charged under R.S. 14:24. This statute provides that "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
We agree with the state that under these facts defendant Dominick was a principal in the commission of the crime and that, for that reason, he need not have personally held a weapon to be guilty of armed robbery. The answer provided was sufficient and did not serve to show that defendant had not committed the offense charged. Therefore, there was no error in denial of the motion to quash.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 8
In this assignment defendant contends that the trial judge erred in denying his motion to have all motions tried and disposed of at least ten days before trial. As this motion was filed only five days before the date set for defendant's trial the trial judge construed it essentially as a motion to continue and denied said motion.
The disposition of a motion to continue is within the sound discretion of the trial judge, C.Cr.P. art. 712, and unless there is a showing that such discretion has been arbitrarily or unreasonably abused, that ruling will not be disturbed on appeal. State v. Smith, 322 So.2d 197 (La.1975); State v. Brewer, 301 So.2d 630 (La.1974); State v. Navarre, 289 So.2d 101 (La.1974).
In a similar case, wherein the sole ground for obtaining a continuance was that the preliminary motions were not tried until just before trial on the merits, this Court indicated that actual prejudice must be shown due to the trial court's denial of a continuance. State v. Taylor, 324 So.2d 425 (La.1975).
In the present case there has been no showing of prejudice. In fact, defendant's counsel engaged in a very aggressive and seemingly well-prepared defense of defendant's case. We find no abuse of discretion on the part of the trial court in denying defendant's motion.
This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 7 AND 12
In assignment number seven defendant alleges that the trial court erred in *1321 denying his motion for a mistrial based on a statement made by the trial judge during voir dire which allegedly amounted to a comment on the evidence.
This assignment is without merit. The challenged statement in no way amounted to a comment on the evidence but was only a proper example to determine whether the jurors understood the concept of "principal" to a crime. R.S. 14:24.
In assignment of error number twelve defendant makes the same objection to a similar statement made by the prosecuting attorney during opening statement. This assignment is also without merit. The statement was properly within the scope of the state's opening statement. C.Cr.P. art. 766.
These assignments lack merit.

ASSIGNMENT OF ERROR NO. 20
Prior to trial defendant filed several special jury charges which he requested be given the jury relative to the presumption of innocence, the burden of proof on the state, the definition of reasonable doubt and the credibility and use of witness testimony. Defendant contends in this assignment that the trial judge erred in refusing to give these charges. We find no merit in the contention. Each special charge submitted by defendant was included in the trial judge's general charge to the jury. C.Cr.P. art. 807.
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 13, 14, 16, 17, 18, 19 AND 23
In these assignments defendant contends that the trial judge erred in failing to grant defendant's request for a mistrial based on several statements, allegedly prejudicial in nature, made by either the prosecutor or trial judge. Each of these assignments lack merit. The statements objected to by defendant in these assignments were either proper comments by the prosecuting attorney or trial judge or were not of the type that would mandate a mistrial. C.Cr.P. art. 770.
These assignments lack merit.

ASSIGNMENTS OF ERROR NOS. 22 AND 25
In these assignments defendant contends that the trial judge gave an improper supplemental instruction to the jury (number twenty-two), and that he erred in giving an improper special charge requested by the state (number twenty-five). Defendant did not object during trial on either of these grounds but did move for a new trial under Code of Criminal Procedure Article 851(4) and (5). The trial judge properly denied the motion. The additional instruction was both correct and helpful to the jury which had requested further instructions. The special charge submitted by the state was also of the same character. Even if it was not helpful to the jury, however, the state's special charge did not cause prejudice to the defendant so as to warrant the trial court's granting of a new trial.
These assignments lack merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
In these assignments defendant complains of the trial court's denial of a motion to sequester prospective jurors in order that each juror could be questioned individually (number four) and contends that a mistrial should have been granted when a prospective juror's prejudicial remark was heard by the other selected and prospective jurors (number five).
Although our law does not provide specifically for sequestration of prospective jurors there is also nothing which prohibits it. However, as defendant failed to show any special circumstances which would have justified the sequestration we find no error in the trial judge's denial of this motion. State v. Robinson, 302 So.2d 270 (La.1974).
The statement made by a prospective juror which is the subject of assignment number five was not sufficiently prejudicial to defendant to warrant a mistrial. Therefore, the trial judge did not err in denying *1322 defendant's motion.[3]State v. Monk, 315 So.2d 727 (La.1975).
These assignments lack merit.

ASSIGNMENTS OF ERROR NOS. 21 AND 24
In assignment of error number twenty-one defendant contends that the trial judge erred in denying his motion for a new trial based on the alleged prejudice suffered by defendant from the hysterical utterance of a woman outside the courtroom, a matter which was totally unrelated to the present case. No prejudice has been shown by defendant and as such this assignment lacks merit.
In assignment of error number twenty-four defendant alleges that the trial court erred in denying his motion for new trial which suggested that two witnesses be subjected to a polygraph test to determine whether their testimony was truthful. The trial judge properly denied this motion.
Louisiana Code of Criminal Procedure Article 851 does allow a trial judge much discretion in ruling on a motion for new trial. Moreover, the court is required to order a new trial when it is of the opinion that the "ends of justice would be served" by doing so. C.Cr.P. art. 851(5). And were a trial judge to order a polygraph test in such a situation we would be presented with a different case and might find no abuse of discretion in doing so. However, we are more than satisfied that a trial judge's refusal to order a polygraph examination is in no way an abuse of his discretion, particularly since the polygraph has not yet been held admissible at trial. State v. Governor, 331 So.2d 443 (La.1976);State v. Corbin, 285 So.2d 234 (La.1973).
These assignments lack merit.

ASSIGNMENTS OF ERROR NOS. 10 AND 11
Defendant contends in these assignments that the grand jury indictment was insufficient since it was signed by the acting foreman rather than the foreman himself. C.Cr.P. art. 383. These assignments lack merit. As the foreman was not present on January 19, 1977 when the indictment was returned, the signature of the assistant foreman was substantial compliance with the requirements of C.Cr.P. art. 383. State v. Mouton, 319 So.2d 331 (La.1975).

Decree
For the foregoing reasons the conviction and sentence of defendant Robert Dominick is hereby affirmed.
AFFIRMED.
NOTES
[1] The dead body of the assistant manager Ronnie Lawrence was later found in a field in New Orleans near the Desire Housing Project. Although not clear from the record, it is presumed that defendant is still awaiting trial in New Orleans relative to this murder.
[2] It might be noted that defendant was supplied with an attorney at his arraignment before a magistrate.
[3] Defendant raised this objection by motion to quash the petit jury. The substance of defendant's motion, however, indicates that it was actually a request for a mistrial.