522 So.2d 1163 (1988)
STATE of Louisiana
v.
Edgar WELLS & Sherman Francois.
No. KA 7610.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
Writ Denied May 6, 1988.
*1164 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Pro., New Orleans, for defendants/appellants.
Before SCHOTT, WARD and ARMSTRONG, JJ.
SCHOTT, Judge.
Defendants Francois and Wells were convicted of armed robbery (LSA-R.S. 14:64) and were both initially sentenced to fifty years at hard labor. They were subsequently resentenced under the Habitual Offender Law (R.S. 15:529.1) to fifty years at hard labor.
On May 10, 1985 at about 4:00 a.m. Nanette Pichietti, Thomas Sexton, and Martha Ann Woods were walking toward a French Market coffee house in the New Orleans French Quarter when an automobile occupied by the two defendants pulled in front of them and blocked their path. Woods ran away. Wells jumped out the car and grabbed Pichietti's purse. She held on to it and struggled with him, and he hit her in the eye and knocked her to the ground. In the meantime Francois accosted Sexton who heard a click like the cock of a gun or the click of a knife blade. Sexton saw an implement in Francois' hand; Pichietti testified that she saw a flash of steel in Francois' hand which she thought was a knife blade.
Two police officers, Nieves and Marshall, were across the street when they heard a woman's scream and saw what was happening. Nieves saw Wells take Pichietti's purse and throw it in the car. As Nieves ran toward the car Wells got in and started to drive away. Before he could get away, Nieves got to the car, pointed his revolver at Wells' head and ordered him to stop. In the meantime Officer Marshall saw Francois behind the automobile and saw the passenger door open. As soon as Marshall came up Sexton told him, "That's the guy who pulled a knife on me." The officers found Pichietti's purse on the front seat and a knife with its blade closed on the floor of the car behind the driver's seat.
We have examined the record for errors patent and find none.
In their first of two assignments of error defendants argue that the evidence was insufficient to prove that they were armed with a dangerous weapon when they committed the robbery. This argument has no merit. Although there is no direct testimony that Francois held a knife on Sexton, when the circumstantial evidence summarized above is reviewed in the light most favorable to the prosecution, as per Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981), a rational trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence has been excluded.
Also under this assignment Wells contends there was no evidence to show that he knew about Francois' knife when he was robbing Pichietti of her purse. The *1165 circumstances that both defendants were in the car when they blocked the victims' path and both jumped out of the car with Wells going for Pichietti's purse while Francois threatened Sexton with a knife, are sufficient under the Jackson standard of review to convict Wells as a principal under R.S. 14:24. This is so even though Wells did not personally hold the weapon. State v. Dominick, 354 So.2d 1316 (La.1978). Wells' argument that his conviction is contrary to State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984), is likewise without merit. There, the court reversed the armed robbery conviction of one of a pair of robbers (Haley) because there was no evidence that either defendant knew of the existence a hammer used by the other defendant (Rodney) to threaten the victims until Rodney spotted it under a counter. The court could not find under these circumstances that Haley aided and abetted or counseled or procured Rodney to use the weapon. The circumstances of the instant case connecting Wells to the knife's use by Francois from the time they first stopped the victims are sufficient to convict Wells as a principal under the Jackson standard of review.
In their final argument under this assignment defendants claim they were prejudiced by the trial court's allowing the knife found in the car to be placed in evidence. This argument is meritless. The knife's introduction was based upon evidence that, more probably than not, it was the one used in the robbery. State v. Sam, 412 So.2d 1082 (La.1982). It was not identified merely as a knife "similar" to the one used in the robbery as in State v. Davis, 336 So.2d 805 (La.1976).
Defendants' other assignment questions the legality of their enhanced sentences under the Habitual Offender Law (R.S. 15:529.1). As to Francois, the predicate conviction was based on a plea of guilty to simple burglary in Criminal District Court of New Orleans on December 6, 1982. He contends that he was not sufficiently apprised of his constitutional rights before entering the guilty plea as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
The transcript of that 1982 proceeding reveals that the judge did not specifically advise Francois of his rights to remain silent and to confront adverse witnesses but the judge did refer him to the Waiver of Constitutional Rights Plea of Guilty Form which he had initialed and signed. This form specifically advised him of all his Boykin rights. In response to the judge's questions about the form Francois testified that his attorney had explained the form to him, that he had no questions about it, and that he had freely signed it. This combination of the colloquy, plea of guilty form, and explanation by counsel is sufficient to establish that he was adequately advised of his Boykin rights and to authorize use of the predicate conviction under the Habitual Offender Law. State v. Payton, 490 So.2d 554 (La. App. 4th Cir.1986).
As to Wells, the predicate conviction was based upon a plea of guilty to aggravated robbery and unauthorized use of a vehicle in 1982 in the State of Texas. Where the predicate conviction is from another state it must be for a crime which, if committed in Louisiana, would be a felony. R.S. 15:529.1(A). Defendant Wells does not dispute that this requirement has been met. Where the predicate conviction occurred in another state and was based upon a plea of guilty, the state is required to prove only that the defendant was represented by counsel, and the burden shifts to the defendant to prove that he was deprived of his rights under Boykin, either by producing the transcript or by other evidence if he can show that the transcript cannot be produced. State v. Smith, 415 So.2d 930 (La.1982). The record shows and defendant does not dispute that he was represented by counsel in the Texas proceedings. Since Wells neither produced the transcript of the Texas guilty plea nor demonstrated that he could not obtain a copy of it he failed to meet his burden of proving that he was deprived of his constitutional rights when he entered his plea. This assignment has no merit.
*1166 Accordingly, the convictions and sentences are affirmed.
AFFIRMED.