545 So.2d 1149 (1989)
STATE of Louisiana
v.
Terry DOMINICK.
No. KA-6917.
Court of Appeal of Louisiana, Fourth Circuit.
June 8, 1989.
Harry F. Connick, Dist. Atty., Guy E. Weigel, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Terry Dominick.
Before GARRISON, BARRY and KLEES, JJ.
*1150 KLEES, Judge.
On October 16, 1985 the defendant Terry Dominick was charged by bill of information with two (2) counts of first degree robbery, violations of R.S. 14:64.1 to which he pled not guilty. On March 6, 1986 he was found guilty as charged by a jury on both counts. He was sentenced as a second felony offender to twenty (20) years at hard labor on each count, the sentences to run concurrently.
FACTS:
At about 10:30 p.m. on August 5, 1985, Troy Bennett and Darryl Sutton were riding on a bicycle on Tureaud Street. Darryl was peddling the bike and Troy riding on the handlebars when they were approached from behind by the defendant and an unknown party who were riding double on another bike. The defendant attempted to yank a medallion off Troy's neck, causing the bike on which Troy and Darryl were riding to turn over in the gutter. The defendant stood over Troy and took his jewelry and money while the defendant's friend stood over Darryl. The defendant's friend had his hand in his pocket as if he had a gun. Both victims surrendered their possessions because they thought that the defendant's friend might injure them with the gun. After the defendant and friend had obtained the victims' possessions, they rode away on their bikes. The victim then went home. Darryl's mother called the police who interviewed Darryl and Troy and got descriptions of the perpetrators. The next day Troy rode around with Officers Bournes and Vappie and spotted the defendant walking a dog in the neighborhood in which the crime occurred. The defendant was thereafter arrested. A couple of weeks later Darryl identified the defendant out of a photographic line-up. At trial, evidence was presented by a female friend of the victims' that she had seen the defendant shortly after the crime walking up and down the street and asking if anyone wanted to buy any jewelry. The defendant's friend and co-perpetrator was never located.
ERRORS PATENT
A review of the record for errors patent reveals none.
ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant contends that insufficient evidence exists to support his conviction of first degree robbery because no evidence was offered to show that he knew that his co-perpetrator acted in such a way as to lead the victims to believe he carried a dangerous weapon.
When assessing the sufficiency of evidence to support a conviction, as appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
First degree robbery is defined in R.S. 14:64.1 which provides:
§ 64.1 First degree robbery
A. First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably *1151 believe he is armed with a dangerous weapon.
The law governing principals is set forth in R.S. 14:24 which provides:
§ 24. Principals
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
In State v. Wells, 522 So.2d 1163 (La. App. 4th Cir.1988), the defendant and his co-perpetrator drove an automobile in front of two (2) victims blocking their path. The defendant jumped out of the car and grabbed the first victim's purse. His co-perpetrator accosted the other victim with what appeared to be a knife. Both were convicted of armed robbery. On appeal, the defendant argued that insufficient evidence existed to support his conviction because no evidence was offered to show that he knew that his co-perpetrator possessed a knife at the time the defendant was stealing the first victim's purse. On the contrary, the court found that the evidence was sufficient to convict defendant as a principal to the crime even though the defendant was not the party holding the weapon.
The court stated:
The circumstances that both defendants were in the car when they blocked the victims' path and both jumped out of the car with Wells going for Pichietti's purse while Francois threatened Sexton with a knife, are sufficient under the Jackson standard of review to convict Wells as a principal under R.S. 14:24. This is so even though Wells did not personally hold the weapon. State v. Dominick, 354 So.2d 1316 (La.1978).
In State v. Bates, 495 So.2d 1262 (La. 1986) the court considered whether the defendant was a principal to armed robbery. The court found that he was, even though he was not the one who used a weapon. The court based its decision on the facts that the defendant was present during the robbery "but did nothing and said nothing to prevent the robbery"; the defendant shared in the proceeds of the robbery; and the defendant's gun and car were used in the robbery. The fact that no evidence was presented to show that defendant helped to plan the robbery was not controlling.
In this case, the defendant and his friend acted in concert to waylay the victims and rob them. The defendant did nothing to stop his friend from possessing or acting as if he possessed a gun. The defendant shared in the proceeds of the robbery. Under Bates and Wells, we conclude that these facts are sufficient to support a conviction under the Jackson standard.
Accordingly, the convictions and sentences of defendant Terry Dominick are hereby affirmed.
AFFIRMED.