STATE OF LOUISIANA

VERSUS

ELETIUS PROBY

NO. 22-K-522

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Wiseman*

Linda Wiseman
First Deputy, Clerk of Court

November 28, 2022

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 22-2161

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT GRANTED; RULING REVERSED**

Relator, the State of Louisiana, seeks review of the 24th Judicial District Court's October 12, 2022 ruling granting Defendant's, Eletius Proby, Motion to Suppress the Statements, that was part of his June 19, 2022 Omnibus Motions. For the following reasons, we grant the writ application and reverse the district court's ruling that granted Defendant's motion to suppress his statements.

Relator is charged with Battery of a Dating Partner – Serious Bodily Injury, in violation of La. R.S. 14:39.9(N). At the October 12, 2022 suppression hearing, Officer Harley Fry testified that he responded to a "possible altercation" or "disturbance" that occurred at the Louis Armstrong International Airport on May 16, 2022. Officer Fry observed Defendant and the victim at the third level family restroom. Defendant approached the victim and "angrily and loudly" accused her of stealing his phone. The officers separated the pair and placed Defendant in handcuffs in response to his aggressive behavior. Officer Fry recalled that Defendant continued to act aggressively and "make spontaneous statements" about the victim stealing his phone. After another officer advised Defendant that he needed to calm down, Defendant responded "ok" but continued to "spontaneously" comment on the couple's argument. Officer Fry averred that, at that point, no one had questioned Defendant.

Next, Officer Fry was approached by a taxi driver who complained that Defendant did not pay the taxi fare. Defendant, still upset, repeatedly insisted "nothing happened". Officer Fry then advised Defendant to say nothing else as he had been accused of a crime, and Officer Fry wanted to advise him of his *Miranda*[1]

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

rights. Defendant continued to talk over Officer Fry as he advised him of his *Miranda* rights from memory. Defendant did not reply, indicate that he did not understand his rights, or request an attorney. Defendant continued to make spontaneous statements until Officer Fry put his hand up. During his testimony, Officer Fry stated repeatedly that he did not ask Defendant a single question about what happened.

At the October 12, 2022 hearing on the motion to suppress statements, Defendant's counsel argued that he could not have "normally or intelligently waived his rights or understood that he should stop talking or making any comments" because he and Officer Fry were talking at the same time. Defense counsel also noted that Officer Fry did not repeat the *Miranda* warnings once Defendant finally quieted down. The State countered that Defendant continued to talk over Officer Fry, even after he stated he would stop doing so and never asked for an attorney, and the officer never asked Defendant any questions. The district court granted Defendant's motion to suppress his statements over the State's objection.

In its writ application, the State argues that the officers placed Defendant in handcuffs because of his aggressive behavior. Further, Defendant ignored law enforcement's request to stop speaking and continued to talk as Officer Fry issued the *Miranda* advisory. The State avers that "such spontaneous statements do not fall within the ambit of *Miranda* and its progeny." Officers must advise a suspect of his rights, and the suspect must waive those rights, explicitly or implicitly, before custodial questioning takes place. The State notes that the officers did not ask Defendant custodial questions and all of Defendant's statements were made spontaneously such that the statements are admissible.

The protections of *Miranda* are only applicable when a person is the subject of a custodial interrogation. *State in Interest of T. L.*, 17-579 (La. App. 5 Cir. 2/21/18), 240 So.3d 310, 329. A suspect is "in custody" for *Miranda* purposes when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint of freedom of movement of the degree associated with formal arrest. *State v. Pomeroy*, 97-1258 (La. App. 5 Cir. 5/13/98), 713 So.2d 642, 645. Custodial interrogation means, "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of freedom in any significant way." *Miranda*, 384 U.S. at 444, 86 S.Ct. at 1602.

However, "spontaneous and voluntary statements, not given as a result of police interrogation or compelling influence, are admissible in evidence without *Miranda* warnings *even where a defendant is in custody*." *State v. George*, 371 So.2d 762, 766 (La. 1979), *cert. denied*, 444 U.S. 953, 100 S.Ct. 430, 62 L.Ed.2d 325 (1979) *citing State v. Thornton*, 351 So.2d 480 (La. 1977); *State v. Thomas*, 310 So.2d 517 (La. 1975); *State v. Higginbotham*, 261 La. 983, 261 So.2d 638 (1972); *State v. Hall*, 257 La. 253, 242 So.2d 239 (1970) (emphasis added). Further, "'[p]olice are not obliged to ignore spontaneous and unsolicited statements by someone in custody, as long as those statements do not result from police-initiated custodial interrogation or questioning 'reasonably likely to elicit an incriminating response.'" *State v. Leger*, 05-11 (La. 7/10/06), 936 So.2d 108, 128, *citing State v. Koon,* 96–1208 (La. 5/20/97), 704 So.2d 756, 762, *cert. denied,* 522 U.S. 1001, 118 S.Ct. 570, 139 L.Ed.2d 410 (1997).

Based on the foregoing, we find that the trial court erred and abused its discretion by suppressing defendant's statements. The uncontroverted testimony presented at the hearing established that Defendant's communications were not offered in response to any questions or prompts from the responding officers. Defendant's statements were spontaneous, voluntary, and unsolicited. Thus, whether Defendant was in custody at the time he uttered those statements is of no consequence, in this instance. Accordingly, we grant the State's writ application and reverse the district court's ruling that granted Defendant's motion to suppress his statements.

Gretna, Louisiana, this 28th day of November, 2022.

**MEJ**
**JGG**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **11/28/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-K-522**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Darren A. Allemand (Relator)                     Thomas J. Butler (Relator)

### MAILED

Frazilia Wiggins (Respondent)                    Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                                  District Attorney
848 Second Street                                Twenty-Fourth Judicial District
Third Floor                                      200 Derbigny Street
Gretna, LA 70053                                 Gretna, LA 70053