Kenneth Wayne **WHITMORE**,

v.

**Ross MAGGIO, et al.**

Civ. A. No. 82–962–B.

United States District Court,
M.D. Louisiana.

Sept. 19, 1985.

Kenneth Wayne Whitmore, in pro. per.

Kay Kirkpatrick, Baton Rouge, La., for defendants.

## OPINION

POLOZOLA, District Judge.

This matter is before the Court on a remand by the Fifth Circuit Court of Appeals for a determination of whether or not the sentences imposed on Kenneth Wayne Whitmore constituted cruel and unusual punishment in accordance with the criteria set forth in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). After this case was remanded the Court ordered the District Attorney for the Parish of East Baton Rouge to file with the Court the presentence report used by the state judge at the time sentence was imposed. The Court also ordered that a transcript of the sentencing hearing be filed in this case. After reviewing these documents as well as the entire record, including petitioner's exhaustive response, the Court finds that no evidentiary hearing is required in order to conduct the review ordered by the Fifth Circuit Court of Appeals in this case.

■ The facts of this case were previously set forth in the Court's prior opinion as well as in the opinion rendered by the Fifth Circuit Court of Appeals. *Whitmore v. Maggio*, 742 F.2d 230 (5th Cir.1984). Briefly, petitioner, together with two other individuals, was convicted of two armed robberies by a jury in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Petitioner received a seventy-five year sentence at hard labor without the benefit of probation, parole or suspension of sentence on Count 1, which was to run consecutively with the fifty year sentence imposed on Count 2. At the time the two armed robberies were committed, one of the other defendants who was involved in the crime raped one of the victims of the armed robbery. The sole issue before the Court at this time is whether or not the sentences imposed on the petitioner by the

state judge are excessive. After reviewing the entire record of this case, the Court finds that the sentencings imposed on the petitioner because of the two armed robberies of which he was convicted are not excessive under the facts of this case. The guidelines to be used by the Court in determining whether or not petitioner's sentence was excessive were set forth in *Solem v. Helm,* supra and were summarized by the Fifth Circuit Court of Appeals in its first opinion in this case as follows:

"In *Solem* the Supreme Court found the sentence of life imprisonment without the possibility of parole so disproportionate to the non-violent crime of uttering a no-account check as to be unconstitutional. The Court announced that the constitutional prohibition of cruel and unusual punishment embraces the principal that 'a criminal sentence must be proportionate to the crime for which a defendant has been convicted.'

The Court also set forth the method for determining proportionality. Review 'should be guided by objective factors.... First, we look to the gravity of the offense and the harshness of the penalty.... Second, it may be helpful to compare the sentences imposed on other criminals in the same jurisdiction. If more serious crimes are subject to the same penalty, or to less serious penalties, there is some indication that the punishment at issue may be excessive.... Third, courts may find it useful to compare the sentences imposed for commission of the same crime in other jurisdictions.'" 742 F.2d at 233–34 (footnotes omitted).

The Fifth Circuit Court of Appeals further stated that "*Solem* does not require extensive analysis with respect to every petition for habeas corpus relief raising the excessiveness issue. We recognized, however, that at least a cursory *Solem* analysis is required, save that *Rummel v. Estelle* [, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382] still controls cases whose facts are not clearly distinguishable from those in *Rummel* itself. A 'primary consideration in that regard seems to be whether or not parole is available to the defendant within a reasonable period of time.'" 742 F.2d at 234 (footnotes omitted).

Thus, the first matter for the Court to analyze in this case is the gravity of the offense and the harshness of the penalty imposed herein. Petitioner was convicted of two armed robberies. It is clear that a gun was used in connection with the armed robbery. Prior to the time the armed robberies were committed, petitioner and a codefendant examined the gun at the codefendant's home and petitioner apparently fired the weapon. The defendants then began to plan the armed robberies which occurred in this case. As the Fifth Circuit indicated in its original opinion in this case:

"Later that morning Whitmore and Payne *twice* visited Bill's Shoe Store in Zachary, Louisiana. They looked around but did not buy anything. On one of the visits, their car was left running while they were in the store. * * * Whitmore and Payne returned to the store a third time at 4:00 p.m. on the same day. Matthews and Bill Messer, the owner of the shoe store, were both working. Whitmore distracted Messer by saying he wanted some desert boots. Messer showed Whitmore the boots at the shoe counter, out of the sight of Matthews, who was at the cash register. Payne then took Matthews at gunpoint to the back of the store. * * * While Payne held the two at gunpoint at the back of the store, Whitmore returned to the store, took the store's cash box, and ran to a waiting car driven by Samuel Harris. The two rode around the block and then returned to the scene. In the meantime, Payne raped Matthews and forced her and Messer into the bathroom. Whitmore and Harris then picked up Payne. The three men rode around for a short time while Whitmore and Payne discarded noncurrency items obtained in the robbery." 742 F.2d at 232 (emphasis added).

Therefore, it is clear from the facts found in this case that Whitmore was actively involved in the planning and commis-

sion of the armed robbery in this case. A weapon was used during the course of the two armed robberies. A rape also occurred during which Whitmore apparently had no part. Thus, under the facts of this case, three violent crimes were committed with the use of a gun, two of which involved the full and knowing participation of the petitioner herein. The Court could have sentenced the petitioner to a total of ninety-nine years at hard labor without the benefit of probation, parole or suspension of sentence as it did the codefendant Payne in this case. The Court also had the discretion to impose the sentences consecutively, as was done in Payne's case. Instead, the trial judge imposed a seventy-five year sentence on Count 1, together with a fifty year sentence on Count 2, which were to run consecutively. Considering the facts of this case and the prior record of the petitioner, the Court does not believe that the sentences imposed in this case were harsh. The presentence report used by the trial judge in this case has been filed in the record. A review of this report reveals that petitioner had a long and violent history of crime before he was arrested and convicted on the two armed robbery charges which he is now contesting in his current application for writ of habeas corpus. Petitioner's juvenile record involved arrests and dispositions for shoplifting, burglary and theft, and felony theft. In addition, petitioner was arrested as a juvenile for two counts of aggravated burglary for which he was placed in detention but released after the charges were dropped. Petitioner was twelve years old at the time of his first confrontation with the law as a juvenile. Petitioner's adult record is even more violent. On December 15, 1973, petitioner was arrested for carrying a concealed weapon and vagrancy and was fined $25.00 and given a three day jail term. Thereafter, he was arrested and convicted of criminal trespassing and was also fined. On November 1, 1974, petitioner was arrested for contributing to the delinquency of a minor, possession of dangerous drugs, and possession of drug paraphernalia. The presentence report was unable to find a disposition of that offense. Petitioner's next arrest occurred on February 19, 1975, when he was arrested on the two armed robberies for which he was convicted and is now appealing. While he was incarcerated, petitioner was also arrested and charged with three counts of armed robbery, one count of murder, and one count of aggravated rape. At the time the presentence investigation was being conducted, petitioner had a charge of second degree murder and armed robbery pending, to which he had plead guilty under docket number 5–75–8614A and was awaiting sentence.[1]

Petitioner's personal history is also equally alarming. Petitioner was expelled from high school for fighting. While attending high school, he had numerous disciplinary problems and was suspended on seven occasions before being expelled for fighting. Most of the petitioner's grades were D's and F's with the exception of one B.

The victims of the two armed robberies also made statements to the Court prior to sentencing by way of the pretrial report. Ms. Matthews, who was the subject of the armed robbery as well as the rape, advised the Court that she was scared to go places and had also received a threatening letter in reference to the case. She advised the Court that "anything, including execution, would be good for either subject." Mr. Messer, the other victim in this case, expressed the fear that he had at the time of the crime and of the effect having a gun placed in his face has had on him. However, he left the sentencing up to the discretion of the trial court.

Considering the nature of the offense and the prior record of the petitioner, the Court cannot say that the sentences imposed herein were disproportionate to the gravity of the offense.

---

**1.** On March 14, 1977, petitioner was sentenced to life imprisonment for second degree murder and ninety-nine years imprisonment without benefit of probation, parole or suspension of sentence for armed robbery, the said sentences to run consectively.

■ The second analysis required by the *Solem* is that the Court must compare the sentences imposed on other criminals in the same jurisdiction. A review of the various crimes and sentences for which other criminals could have been sentenced in Louisiana reveals that the sentences authorized for armed robbery and imposed in this case are not disproportionate. When petitioner was sentenced on June 3, 1977, the death penalty was authorized under Louisiana law for crimes of first degree murder, aggravated rape and aggravated kidnapping.[2] The penalty for second degree murder in 1977 was life imprisonment with a possibility of parole only after forty years. R.S. 14:30.1. At the present time, a defendant convicted of aggravated rape, aggravated kidnapping or second degree murder will receive a mandatory sentence of life imprisonment without the benefit of parole, probation or suspension of sentence. Thus, it is clear that the sentence petitioner received was less severe than that which could have been imposed on other Louisiana defendants who committed equally life endangering felonies. *See Seritt v. State of Alabama*, 731 F.2d 728 (11th Cir.1984). Furthermore, the Court is not required to declare petitioner's sentence unconstitutionally disproportionate merely because the Louisiana second degree statute provided for the possibility of parole after forty years prior to its 1978 amendment. The *Solem* court, stressing the deference which is to be accorded the judgments of legislators and sentencing courts, declared the *Solem* defendant's sentence unconstitutional only after finding a large number of more serious crimes carrying the same or less serious penalty as a nonviolent crime for which Solem was convicted and sentenced.

The final analysis which must be made by the Court under the *Solem* case is to compare the sentences imposed for the commission of the same crime in other jurisdictions. A brief review of the law of several states reveals that the maximum penalty for armed robbery in Louisiana is consistent with penalties imposed for the crime of armed robbery in a significant number of states. For example, in Alabama, Arkansas, Florida, Michigan, Mississippi, and Tennessee, one convicted of armed robbery can receive a sentence of life imprisonment.[3] Currently, the life sentence imposed for armed robbery in Alabama, Arkansas and Michigan may be imposed without the benefit of parole.[4] Furthermore, at the time petitioner was sentenced in this case, defendants convicted of armed robbery in Tennessee and Georgia could have been sentenced to death.[5] Therefore, it is clear that the sentences which could have been and were actually imposed on the petitioner in Louisiana were consistent with those sentences which could have been imposed elsewhere. Accordingly, petitioner's sentence is not disproportionate under the third step of the *Solem* analysis.

The Court finds that Louisiana's armed robbery statute meets the objective criteria articulated by the United States Supreme Court in *Solem v. Helm*, supra. Therefore, the Court concludes that petitioner's sentence was not disproportionate to the crime of armed robbery under the Eighth Amendment to the United States Constitution.

Finally, petitioner's claim that his sentence is disproportionate to the sentence given others who have committed the crime of armed robbery is without merit. The Court is not required to conduct a comparative proportionality review on a statewide basis under *Pulley v. Harris*, 465 U.S. 37,

**2.** See R.S. 14:30, 14:42, 14:44. The Supreme Court of the United States has abolished the death penalty for aggravated rape in a decision rendered after the petitioner was sentenced. *Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).

**3.** Alabama Code 1975, 13A–5–6 and 13A–8–41; Ark.Stat.Ann. 41–2101 and 41–901; F.S.A. 812.-

13(2)(a); M.C.L.A. 750.529; Miss.Code Ann. (1984 pp), 97–3–79; T.C.A. 39–2–501.

**4.** Alabama Code 1975, 15–22–36; Ark.Stat.Ann. 43–2807; M.C.L.A. (1983 pp) 791.233.

**5.** T.C.A. 39–2–501; O.C.G.A. 16–8–41.

104 S.Ct. 871, 79 L.Ed.2d 29 (1984). However, a review of the sentences imposed on armed robbery defendants in Louisiana, including those in East Baton Rouge Parish, clearly shows that many defendants received as much if not a greater sentence than that imposed on petitioner in this case. *See State v. Douglas,* 389 So.2d 1263 (La. 1980), *State v. Richey,* 364 So.2d 566 (La. 1978).

Finally, the Court cannot overlook the statement made by the Fifth Circuit Court of Appeals in *Rogers v. Blackburn,* 84–3202 on February 12, 1985, when that Court denied Rogers a certificate of probable cause. After finding that Rogers did not make a substantial showing of a denial of a federal right, the Court stated "the hearing transcript and the state court records indicate that Rogers was not sentenced to a mandatory maximum prison term without consideration of a lesser term. *Willeford v. Estelle,* 637 F.2d 271 (5th Cir.1981) therefore, is inapposite. The district court's finding that the trial judge considered the entire range of punishment before imposing concurrent fifty year sentences is not clearly erroneous." It is clear that Whitmore was not sentenced to a maximum mandatory prison sentence in this case. Thus, not only was consideration given to a lesser sentence, but a less than maximum sentence was actually imposed. In this Court's opinion, the punishment imposed herein was just and proper and well within the discretion afforded to the state trial judge.

Therefore:

The Court finds that petitioner's application for writ of habeas corpus be, and it is hereby DENIED.

Judgment shall be entered accordingly.