**Benito MARRERO, Petitioner-Appellant,**

v.

**Richard L. DUGGER and Jim Smith, Respondents-Appellees.**

No. 85–3746.

United States Court of Appeals, Eleventh Circuit.

Aug. 7, 1987.

Donald S. Cambas, Lakeland, Fla., for petitioner-appellant.

Peggy A. Quince, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before RONEY, Chief Judge, GODBOLD, Circuit Judge and ATKINS*, Senior District Judge.

GODBOLD, Circuit Judge:

Benito Marrero petitioned for habeas corpus relief, alleging three constitutional violations: consecutive sentences imposed on him totalling 240 years were disproportionate to the crime and constituted cruel and unusual punishment in violation of the Eighth Amendment; the admission of custodial statements violated his Fifth Amend-

 1469

ment right against self-incrimination; and his trial and sentence under a statute that was amended before trial denied him due process and equal protection.

The district court rejected all three of Marrero's claims. This court affirmed. *Marrero v. Wainwright,* 690 F.2d 906 (11th Cir.1982). The Supreme Court vacated our decision and remanded for further consideration in light of *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). *Marrero v. Wainwright,* 463 U.S. 1223, 103 S.Ct. 3567, 77 L.Ed.2d 1407 (1983). This court, in turn, remanded to the district court for reconsideration under *Helm. Marrero v. Wainwright,* 715 F.2d 578 (11th Cir.1983).

On remand the district court concluded that the only issue properly before it was Marrero's claim that his sentence constituted cruel and unusual punishment because this was the only issue addressed in *Solem v. Helm.* We agree. The district court did not, however, comply with the mandate of the Supreme Court requiring that on remand the Eighth Amendment claim be reconsidered under *Helm.* The case must therefore be reversed and remanded to the district court for compliance with the Supreme Court's directive.

Marrero entered 12 unoccupied rooms in the same motel, each having a different key, during three days over a period of a month, and stole a television set from each room.[1] The motel is located at the intersection of Interstate Highway 75 and State Road 54, in a rural area of Florida. The Florida map reveals that this road intersection is in Pasco County, a largely rural county north of Tampa, which abuts the Gulf of Mexico on the west and has only one sizable town.

Marrero was charged in three separate informations. They alleged a total of 12 counts of breaking and entering[2] and 12 counts of grand theft of a television set.[3]

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. Marrero entered one unoccupied room on June 24, 1975, seven unoccupied rooms on July 10, and four unoccupied rooms on July 23.

2. The informations contained identical recitals, except as to room numbers, as follows:

   [defendant did] break and enter a certain building other than a dwelling house, to-wit: that certain building known as motel room No. ——, located at Day's Inn of Zephyrhills No. 6076, Interstate 75 and State Road 54....

3. See note 3 on page 1470.

A jury convicted Marrero of all 24 counts. He was given 12 "stacked" maximum 15 year sentences for the 12 breaking and entering charges, plus 12 "stacked" maximum five year sentences for the 12 thefts, a total of 20 years for the two offenses committed in each of 12 rooms, a grand total of 240 years.[4]

A U.S. magistrate first considered Marrero's federal petition in 1980 and recommended denying relief. In 1981 the district court entered an order stating that it had considered the magistrate's report and recommendation and made an independent examination of the file and that the petition was denied. The court did not adopt the magistrate's findings or accept his report and gave no further reasons for its decision.

Marrero appealed, and in 1982 this court rejected Marrero's Eighth Amendment argument and his other contentions, without any comment other than a conclusory statement that they lacked merit. 690 F.2d 906.

In 1983 the Supreme Court decided *Helm*. The Court held that the constitutional principle of proportionality applies to felony prison sentences under the Eighth Amendment:

> In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Helm*, 463 U.S. at 292, 103 S.Ct. at 3010. In applying this framework to Helm's sentence of life imprisonment without parole the Supreme Court had to distinguish *Rummel*, in which it had found that a life sentence mandated by a Texas recidivist statute did not violate the Eighth Amendment. In *Helm* the Court emphasized that the possibility of parole had been critical to its decision that Rummel's sentence was not cruel and unusual punishment and that Helm's sentence of life imprisonment without possibility of parole clearly distinguished it from *Rummel*. *Id.* at 297, 303 n. 32, 103 S.Ct. at 3013, 3017 n. 32. Thus, while the possibility of parole was a significant factor in the analysis of proportionality, it was simply one factor relevant to prong (i) of the proportionality analysis, which included but was not limited to the three stated factors.

When reconciling its decision in *Helm* with *Rummel* the Court made it clear that *Rummel* had only rejected "a proportionality challenge to a particular sentence" and that, because *Rummel* "offered no standards for determining when an Eighth Amendment violation has occurred, it is controlling only in a similar factual situation." *Id.* at 303 n. 32, 103 S.Ct. at 3017 n. 32. A "similar factual situation" is narrower than that class of cases in which there is a possibility of parole; a contrary interpretation would render *Helm* applicable only in those cases where a defendant is not eligible for parole—a limitation that would be inconsistent with the reasoning in that case. In *Helm* the Court did not say that the possibility of parole would always be sufficient to save a sentence from being struck down under the Eighth Amendment, nor did it say that the availability of parole negated the need to review the sentence for proportionality under the three-part framework it had just delineated. To the contrary, the Court said that criminal sentences are subject to proportionality review and that even a single day in prison may be unconstitutional in some circumstances. *Id.* at 290, 103 S.Ct. at 3009.

---

with intent then and there to commit a felony, to-wit: grand larceny; contrary to Chapter 810.02, Florida Statutes.

**3.** Each theft count charged felonious taking of a television set of a value in excess of $100, the property of Day's Inn Motel.

**4.** In his merits appeal Marrero questioned whether each of the separate unoccupied rooms, all in the same occupied motel building, could properly be treated as a separate "unoccupied dwelling." The state court affirmed without comment. Marrero filed a 3.850 petition, and it was denied and the denial affirmed without opinion.

When this case reached the district court on remand, the court granted Marrero's motion for leave to file a supplemental brief. In his supplemental memorandum of law Marrero set out the proportionality analysis language of *Helm* that is quoted above. In the appendices to his memorandum and in supplemental filings Marrero tendered data relevant to prong (ii) (the sentences imposed on other criminals in the same jurisdiction) of *Helm*. He offered data tending to show that the punishment in Florida for a number of violent and heinous crimes, including murder, manslaughter, assault, battery, rape, kidnapping, false imprisonment, and arson, would have been less than that imposed upon him at sentencing. He filed statistical data received from the Florida Department of Corrections, offered to show that of 26,473 inmates in Florida as of March 28, 1984 less than 300 had sentences of 100 years or greater (life and death sentences excluded), and the majority of these were for murder, sexual offenses, and robbery.[5] Relevant to prong (iii) (sentences imposed for commission of the same crime in other jurisdictions), Marrero discussed at length the American Bar Association's *Standards for Criminal Justice*, 18–4.5 (2d ed. 1982), and the statutes of a number of other states. In a supplemental filing he presented data tending to show that of an estimated 274,564 state inmates in 1979, only .8 of 1% had sentences of 98 years or more. *See* Bureau of Justice Statistics, U.S. Department of Justice, *Sourcebook of Criminal Justice Statistics-1982* at 547 (T. Flanaga & M. McLeod 1982) (source of data).

Additionally, Marrero moved for funding under the Criminal Justice Act to obtain the services of a statistical expert, pointing out that *Helm* required comparison of penalties meted out in other states.

In his report and recommendation to the district court, the magistrate noted that the parties thought that statistical analysis was necessary to comply with the mandate of the Supreme Court requiring reconsideration under *Helm*. But he skirted this view, skirted the statistical data submitted by Marrero, and skirted the request for CJA-authorized expenses to adduce further statistical data by holding that "extensive analysis" was not required. Having rejected "extensive" analysis (at least statistical, and presumably otherwise), the magistrate reached a conclusion based on the availability of parole to Marrero. The magistrate wrote:

To date, counsel for the parties and, indeed, the undersigned, have assumed that a full scale, extensive statistical analysis would be required in order to satisfy the mandate of the Supreme Court in this case. A review of the cases decided subsequent to *Solem* has now convinced me to the contrary. *Solem*, supra, does not require extensive analysis with respect to every excessiveness issue. The Court in *Solen* [sic] expressly did not require extensive analysis with regard to every petition for habeas corpus relief raising the Eighth Amendment proportionality issue.

The *Solem* majority opinion noted that its decision was not inconsistent with *Rummel v. Estelle*, 445 U.S. 263 [100 S.Ct. 1133, 63 L.Ed.2d 382] (1980), and that *Rummel* was controlling in similar fact situations.

In *Rummel* the petitioner was sentenced to life imprisonment for a series of rather minor offenses with eligibility for a reasonably early parole. In *Helm* the petitioner was sentenced to life imprisonment with no possibility for parole. The Supreme Court specifically distinguished *Solem* from *Rummel* on the basis of the availability of parole, although other distinguishing factors were noted. In the instant case, although the petitioner has been sentenced to a long sentence, he, like Rummel but unlike Helm, will be eligible for early release.

(footnotes omitted). The magistrate recommended that the petition be denied and, in light of his recommended finding that *Rummel* applied and was not overruled by

---

5. In addition he attached to his memorandum new sentencing guidelines of Florida and submitted that, under their criteria, he had already spent more time in confinement than would be imposed under the new guidelines.

*Helm,* incorporated the report and recommendation he had initially filed in the case.[6]

The district court entered an order in which it listed the three *Helm* criteria but noted that parole is an important factor in evaluating whether a sentence is unconstitutionally disproportionate and discussed at length petitioner's eligibility for parole. The court then adopted the magistrate's report and denied the petition. Fairly read, the district court's order rested upon petitioner's eligibility for parole. Although Marrero had tendered data supporting *Helm*'s criteria (ii) and (iii), and sought an expert to present additional data, the court did not refer to any criteria other than parole as a basis for decision. This reading is confirmed by the court's order denying Marrero's petition for reconsideration in which it explained its rationale for not considering *Helm*'s proportionality analysis: "Applying this analysis to the absolute number of years imposed in the sentence would be misleading when the possibility of parole is such that the sentence will potentially be reduced to a clearly appropriate one. *Rummel v. Estelle,* [445 U.S. 263], 100 S.Ct. 1133 [63 L.Ed.2d 382] (1980)." *Marrero v. Wainwright,* No. 80–114 CIV–T–10, (M.D.Fla. Sept. 3, 1985) (unpublished order).

The district court was required to reconsider its decision in light of *Helm.* It was not mandated to automatically apply *Helm* and its criteria. It could apply *Helm* and its criteria or it could hold, based upon proper legal grounds, that the case before it was not controlled by *Helm.* Or it could hold, as a matter of law or of fact, that some of the *Helm* criteria had probative

value in this case and others did not. The court did none of these. It gave no basis for holding *Helm* not applicable at all. If it intended to apply *Helm,* it gave no basis for extracting the sole factor of eligibility for parole and resting its decision on that factor alone. The possibility of parole is not alone a determinative factor under *Helm;* it is only one element relevant to the first prong of the three prong proportionality analysis set out by the Supreme Court. In *Helm* the Supreme Court explicitly said that *Rummel* should not be read to foreclose proportionality review of sentences of imprisonment, that *Rummel* only rejected a proportionality challenge to a particular sentence and "is controlling only in a similar factual situation." A "similar factual situation" is not presented every time a court is faced with a case in which there is a possibility of parole.

Moreover, a remand would have been unnecessary if the possibility of parole by itself could be dispositive. There was no reason for the Supreme Court to order a remand if the only factor to be considered by the district court was a factor—eligibility for parole, considered in light of *Rummel* —that was already before the Supreme Court.

Chief Judge Roney seems to suggest that we should assume that the Supreme Court really did not mean what it said when it remanded this case "for further consideration in light of *Solem v. Helm.*" A principled system could not survive with such a basis for decision-making by courts subject to Supreme Court review. The mandate of the Supreme Court is clear.[7]

---

**6.** In his first report and recommendation, the magistrate had recommended denying relief, relying on *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), for the proposition that the length of a sentence is a matter of legislative prerogative and on *Whalen v. U.S.,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), for the proposition that consecutive sentences are a matter of legislative prerogative.

**7.** Chief Judge Roney also suggests that a federal court has no authority to review state sentences that are within statutory limits. In *Helm,* 463 U.S. at 288–90, 103 S.Ct. at 3008–09, the Supreme Court held that the Eighth Amendment

principle of proportionality applies to felony prison sentences.

> In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing criminals. But no penalty is *per se* constitutional.[16] As the Court noted in *Robinson v. California,* 370 U.S. [660] at 677 [82 S.Ct. 1417, 1420, 8 L.Ed.2d 758], a single day in

The lack of wisdom in focusing on the availability of parole to the exclusion of all other factors is demonstrated by the fact that if Marrero is arrested for even a minor charge while on parole, his parole can be revoked and he can be subjected to a 240 year sentence that has not been accorded the *Helm* proportionality analysis nor been the subject of a court determination on proper grounds that *Helm* does not apply.

REVERSED and REMANDED.

RONEY, Chief Judge, dissenting:

I respectfully dissent for three reasons: *First,* both *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), involved a life sentence given under a state recidivist statute. None of the sentences here has been enhanced because of prior conduct. Marrero does not challenge the validity of the sentence received on any individual count, but rather he claims that the cumulative effect of consecutive sentences, which would not be present if the sentences were concurrent, renders his total sentence invalid. Both *Rummel* and *Helm* involved the imposition of life sentences after conviction of a lower class felony. The maximum sentences for those felonies, ten years in *Rummel* and five years in *Helm,* are consistent with the individual sentences being challenged here. The recidivist statutes of Texas and South Dakota, however, incorporated prior behavior into the sentencing analysis and life sentences were imposed. Unlike either *Rummel* or *Helm,* Marrero was not sentenced under a recidivist stat-ute, but under the normal sentencing statute. He received only the statutory sentence for each crime. It is not cruel and unusual for a person to be held accountable to the full extent of the law for each crime of which he is convicted.

I am unsure what principle of constitutional law the Court is applying in this case. It seems to put the federal courts in the business of conducting a proportionality review of every state case involving consecutive sentences for individual crimes. That is not even required in federal court. The law of our Circuit has consistently been that this Court has no authority to review sentences which are within the statutory limits. We have found no case where sentences for individual crimes were disturbed simply because they were consecutive.

*Second,* I would affirm the district court's decision that this case is more like *Rummel* than *Helm.* The availability of parole is, of course, the evident distinction between *Helm* and this case, just as it was the distinction between *Rummel* and *Helm.* The Court's observation that a violation of parole would cause a revocation and cause Marrero to be subjected to the prison sentence is equally applicable to *Rummel* and the life sentence. The 240-year sentence is in effect no more than a life sentence. As with *Rummel,* the possibility of parole is such that the prison sentence is subject to reduction to less than that so that the term of imprisonment would be a clearly appropriate one. Marre-

---

prison may be unconstitutional in some circumstances.

16 Contrary to the dissent's suggestions, *post,* at 305 [103 S.Ct. at 3017], 315 [103 S.Ct. at 3022], we do not adopt or imply approval of a general rule of appellate review of sentences. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.

*Id.* at 290, 103 S.Ct. at 3009. The *Helm* Court makes quite clear that a sentence within statutory limits can be found unconstitutional. Indeed even a sentence under a recidivist statute is one "within the statutory limits," thus the limit staked out by the legislature is not of itself a barrier to the reach of the United States Constitution.

Chief Judge Roney fears that the federal courts may be called upon to conduct a proportionality review of every state case involving consecutive sentences for individual crimes. The Court itself in *Helm,* 463 U.S. at 290 n. 16, 103 S.Ct. at 3009 n. 16, answers this floodgates concern.

ro was actually released on parole on November 19, 1985.

*Third,* unlike *Rummel* and *Helm,* the goal defendant seeks here is to go unpunished for many of his crimes. Assuming the state could constitutionally convict Marrero of 24 separate crimes under these circumstances, a point that has not been challenged on this appeal, Marrero would constitutionally require the state to impose some concurrent sentences. That means, of course, that the Constitution would require him to go virtually unpunished for several of his crimes. A day in prison for one crime is apparently no different than a day in prison for several crimes. In neither *Rummel* nor *Helm* was there any suggestion that the state could not impose the statutory maximum sentence for the separate crimes for which the defendants were convicted. The Court here apparently would have the district court consider going further than that, and render potentially ineffective any accountability for crimes beyond some given number, which would dictate the maximum sentence he could get for all his crimes.

This decision goes much further than the Supreme Court did in *Rummel* and *Helm,* and applies a principle which encroaches measurably upon a state's attempt to administer an effective and efficient criminal justice system.

To the extent the Court seeks sustenance from the effect of the Supreme Court's remand of this case, it is misconceived. Common knowledge has it that when an important case like *Helm* is handed down by the Supreme Court, a number of pending cases that have similar issues are simply remanded "to reconsider in the light of," with no careful determination by the Supreme Court as to whether the key decision will or will not affect the outcome of the particular case. To reason otherwise relies upon an exercise that the Supreme Court admittedly has not undertaken.[1]

## APPENDIX A

### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

BENITO MARRERO, Plaintiff,

-vs-

LOUIE L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Defendant.

No. 80–114 Civ–T–10

· ORDER

This cause is before the Court on a motion for reconsideration of the Court's denial of a habeas corpus petition following remand from the Supreme Court for reconsideration of Petitioner's Eighth Amendment claim in light of *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

In his motion for reconsideration, Petitioner asserts that the issue of the voluntariness of his confession should have been addressed by the Magistrate on remand. The Supreme Court, in *Marrero v. Wainwright,* 463 U.S. 1223, 103 S.Ct. 3567, 77

---

1. In response to Judge Godbold's comments on my decision in this case, I have carefully reread my dissent to see wherein I may have suggested "that the Supreme Court really did not mean what it said when it remanded the case 'for further consideration in light of *Solem v. Helm.*'" I cannot find that suggestion. If it is there, I disclaim it. All I have said is that the Supreme Court in remanding the case made no decision that *Helm* would in fact change the outcome of this case. I stand by that view.

As to whether the district court reconsidered the case in light of *Helm,* I attach in full the district court opinion and the magistrate's report and recommendation so that the reader can decide whether the magistrate and the district court have followed the Supreme Court mandate. (See Appendixes A and B).

The following of legal precedent should result in like facts receiving like results. The district court found that this case was more like *Rummel* than *Helm.* I agree. We may be wrong, but it is not because we have not tried to fairly apply both *Helm* and *Rummel,* two decisions that are difficult to reconcile.

L.Ed.2d 1407 (1983), remanded the case for reconsideration in light of *Solem*. *Solem* addressed only the Eighth Amendment. Reconsidering in light of *Solem* does not require revisiting the holding in respect to a Fifth Amendment claim of involuntary confession.

Petitioner also asserts the failure of the Magistrate to consider the proportionality analysis enunciated in *Solem*. Applying this analysis to the absolute number of years imposed in the sentence would be misleading when the possibility of parole is such that the sentence will potentially be reduced to a clearly appropriate one. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). In light of the Florida Supreme Court decision, *Lowry v. Parole & Probation Commission*, 10 FLW 314, 473 So.2d 1248 (S.Ct.Fla., 1985), parole for the Petitioner continues to be likely. It is not necessary that the Petitioner be able to enforce parole as a matter of right in order for the possibility of parole to be a deciding factor in assessing his sentence under the Eighth Amendment. *Rummel v. Estelle*, 100 S.Ct. at 1142–43. Petitioner's attempts to distinguish *Rummel* on the basis that the punishment imposed on Petitioner was a result of judicial discretion rather than legislative mandate are unpersuasive.

Petitioner, asserting that he is proceeding in forma pauperis, also complains of the language of the order of June 27, 1985 stating "each party shall bear its own costs". Accordingly, the Court's order is amended to read "the government shall bear its own cost" and upon due consideration Petitioner's motion for reconsideration is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 3rd day of September, 1985.

/s/ W. Terrell Hodges
United States
District Judge

---

1. *Solem*, 103 S.Ct. at 3009, n. 16; *Moreno v. Estelle*, 717 F.2d 171, 180 (5th Cir.1984); *see also*

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration of a petition for writ of habeas corpus filed by a state prisoner, BENITO MARRERO, pro se, in forma pauperis. This case is presently before this court on remand from the Supreme Court, for reconsideration of petitioner's Eighth Amendment claim in light of *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

Petitioner was convicted of twelve counts of breaking and entering motel rooms and twelve counts of burglary of television sets in the rooms, all offenses occuring in one motel in one criminal episode. Consecutive sentences were imposed upon said convictions for a total of 240 years imprisonment. Petitioner asserts that he is entitled to full scale discovery in order to conduct extensive proportionality analysis under the Eighth Amendment. Petitioner's counsel has advised this court that no statistical analysis presently exists from any known source which would be material to the extended analysis necessary to determine if petitioner's sentences are not constitutionally disproportionate. As a first stage in obtaining the statistics which petitioner's counsel maintains are necessary to the development of his case, petitioner seeks advance authority under the Criminal Justice Act to employ a statistical expert for a fee of $2,500.00, not including necessary court appearances.

To date, counsel for the parties and, indeed, the undersigned, have assumed that a full scale, extensive statistical analysis would be required in order to satisfy the mandate of the Supreme Court in this case. A review of the cases decided subsequent to *Solem* has now convinced me to the contrary. *Solem*, supra, does not require extensive analysis with respect to every excessiveness issue. The Court in *Solem* expressly did not require extensive analysis with regard to every petition for habeas corpus relief raising the Eighth Amendment proportionality issue.[1]

The *Solem* majority opinion noted that its decision was not inconsistent with *Rum-*

---

*Whitmore v. Maggio*, 742 F.2d 230, 234 (5th Cir.1984).

*mel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and that *Rummel* was controlling in similar fact situations.[2]

In *Rummel* the petitioner was sentenced to life imprisonment for a series of rather minor offenses with eligibility for a reasonably early parole. In *Helm* the petitioner was sentenced to life imprisonment with no possibility for parole. The Supreme Court specifically distinguished *Solem* from *Rummel* on the basis of the availability of parole, although other distinguishing factors were noted.[3] In the instant case, although the petitioner has been sentenced to a long sentence, he, like Rummel but unlike Helm, will be eligible for early release.[4]

Accordingly, I recommend that the petitioner's Eighth Amendment claim be denied as being without merit and that the petition for writ of habeas corpus be dismissed, this 10th day of January, 1985.[5]

> /s/ Paul Game, Jr.
> PAUL GAME, JR.
> United States Magistrate

NOTE: This matter was referred to the United States Magistrate pursuant to the Standing Order of this Court and Local Rule 6.01(c)(17). Failure to file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1). Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982). Because this Report and Recommendation contains conclusions of law which may be novel in light of the recent cases cited and the conclusions reached, the time for filing objections is extended, and petitioner may file written objections to this report within 30 days from date of service of this report.

---

**2.** *Solem,* supra, [103 S.Ct.] at 3013–3014, and 3015–3016. See also *Moreno v. Estelle,* 717 F.2d 171 at 179–181.

**3.** *Moreno,* 717 F.2d 171, 180 n. 11 (5th Cir.1984).

**4.** Rummel became eligible for parole after serving approximately 12 years. *Rummel,* supra, 445 U.S. at 267, 100 S.Ct. at 1135. Petitioner's counsel advised the undersigned that, according to a Florida Department of Corrections official, petitioner may be released as early as November 25, 1985, after serving approximately 10 years. Petitioner's eligibility for early release was not disclosed to the Supreme Court in briefs filed by the parties with that court and apparently was not a factor considered in its remand for consideration under *Solem.* See copies of briefs filed herein on April 24, 1984.

**5.** The Report and Recommendation previously filed in this case is incorprated herein by reference in light of the finding that *Rummel* applies and was not over-ruled by *Solem.*