Eugene G. ADAMS,
Petitioner–Appellant,

v.

Richard L. DUGGER, Superintendent,
Florida Dept. of Corrections,
Respondent–Appellee.

No. 87–5949
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 2, 1988.

---

R.H. Bo Hitchcock, Hitchcock & Cunningham, P.A., Fort Lauderdale, Fla., for petitioner-appellant.

Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before RONEY, Chief Judge, and TJOFLAT and CLARK, Circuit Judges.

RONEY, Chief Judge:

Petitioner Eugene G. Adams was convicted in a Florida court in December 1977 of second-degree sexual battery, attempted second-degree murder, kidnapping and possession of a firearm during the commission of a felony in connection with the abduction of a 12–year–old girl. During the incident, he shot in the chest with a .357 magnum a highway patrol trooper who survived only because he was wearing a bullet-proof vest. Adams contends that his sentence to consecutive prison terms totalling 144 years for the four offenses is disproportionate to the crimes for which he was convicted, and, thus, violates the Eighth Amendment's prohibition against cruel and unusual punishment. The district court denied habeas corpus relief. We affirm.

Adams argues that *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), requires the federal court to engage in a proportionality review of his sentence. Adams relies upon *Marrero v. Dugger*, 823 F.2d 1468 (11th Cir.1987), *cert. denied,* —— U.S. ——, ——, 108 S.Ct. 1235, 1247, 99 L.Ed.2d 434, 445 (1988), which contrasted *Solem v. Helm* with *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), and held that, under the facts of that case, the sentence had to be examined under the criteria established by *Solem v. Helm.*

We have serious doubts that the Eighth Amendment concerns in those cases would have any application at all to the violent crimes of sexual battery, attempted murder, and kidnapping which Adams committed. In *Helm*, the petitioner was sentenced under a recidivist statute to life in prison with no possibility of parole for the offense of uttering a "no account" check for $100. In *Rummel*, the Court upheld a life sentence imposed, pursuant to a Texas recidivist statute, for obtaining $120.75 under false pretenses. The non-violent nature of those crimes, and of the prior similar crimes that triggered the life sentences, was undoubtedly at the crux of the concern for the allegations that the sentences contravened the proscription of the Eighth Amendment.

It would appear to be almost frivolous to suggest that Adams' crimes deserved the same concern. Clearly, attempted murder of a police officer, kidnapping and sexual assault on a young girl are among the most serious and violent crimes prohibited by modern penal codes. In a pre-*Solem v. Helm* case, in which a life sentence for an armed robbery that netted but $71.00 was attacked as excessive, we said "the violent nature of the offense alone makes such an attack almost frivolous." *Brown v. Wainwright*, 576 F.2d 1148, 1149 (5th Cir.1978).

In any event, assuming his case does deserve consideration under *Solem v. Helm*, it appears that the Report of the Magistrate, attached hereto as an appendix, which formed the basis for a denial of relief by the district court, after indepen-

dent review, adequately handled the petition.

We simply note a few other cases which put this case in proper context. On similar facts, the Fifth Circuit upheld a 99–year sentence with no possibility of parole for a first-time offender in *Passman v. Blackburn*, 797 F.2d 1335, 1350–51 (5th Cir. 1986), *cert. denied*, — U.S. ——, 107 S.Ct. 1609, 94 L.Ed.2d 794 (1987). The court noted that the particular circumstances of the armed robbery warranted a severe sentence. The victims were robbed in their home, one of the victims, a 78–year-old man was shot and seriously wounded, and another victim, a 16–year–old girl, testified that Passman sexually abused her. *See also United States v. Gourley*, 835 F.2d 249, 253 (10th Cir.1987) (life sentence for possession of a firearm not disproportionate where evidence showed defendant tried to kill arresting officers and had a prior record), *cert. denied*, — U.S. ——, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); *Stevens v. Armontrout*, 787 F.2d 1282 (8th Cir. 1986) (200–year sentence for second-degree murder upheld); *United States v. O'Driscoll*, 761 F.2d 589 (10th Cir.1985) (300–year sentence without parole for 99 years upheld for armed robbery and kidnapping where one of the victims was beaten severely and where the defendant had a prior violent record), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *United States v. Darby*, 744 F.2d 1508, 1527 (11th Cir.1984) (upholding 60–year sentences for continuing criminal enterprise convictions, noting that offense is "most serious" of all drug-related offenses under Title 21 and that defendants had used threats of violence to carry out their operation), *cert. denied sub nom., Yamanis v. United States*, 471 U.S. 1100, 105 S.Ct. 2322, 85 L.Ed.2d 841 (1985).

It should be noted that the state contends without contradiction that Adams is eligible to earn gain time, can be considered for parole, and, in fact, has been assigned a presumptive parole release date of August 4, 1995. Although not dispositive, the eligibility for parole was seen as

particularly significant by the Court in *Rummel.*

AFFIRMED.

## APPENDIX

### EXHIBIT

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF FLORIDA

EUGENE ADAMS, Petitioner,

v.

RICHARD L. DUGGER, Respondent.

Case No. 87–6513–Civ–NESBITT

### REPORT OF UNITED STATES MAGISTRATE

Eugene Adams, a state prisoner confined at the Union Correctional Institution at Belle Glade, Florida, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with the aid of counsel, attacking the Constitutionality of his sentences for sexual battery, kidnapping, attempted second degree murder, and possession of a firearm, entered on February 1, 1978, after jury trial in Case No. 77–5761CF in the Circuit Court of the Nineteenth Judicial Circuit of Florida, at Broward County.

This Cause has been referred to the undersigned for preliminary consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition, the Court has the response of the State to an Order to Show Cause, which was filed together with multiple documentary exhibits.

The petitioner raises two issues, as follow:

1. Whether his sentences totalling 144 years confinement are disproportionate to the offenses committed, in violation of the Eighth Amendment.

2. Whether the Trial Court failed to consider the presentence investigation report and sentenced him solely

on the basis of the crimes committed, thereby denying him Due Process.

These convictions were affirmed on direct appeal. *Adams v. State*, 380 So.2d 600 (Fla. [App.] 4 Dist.1980). The issues of this federal petition were not raised on direct appeal but were presented to the Florida Courts in post conviction proceedings, and the State concedes exhaustion of state remedies.

Adams was convicted of kidnapping and sexually assaulting a twelve year old girl and then shooting the Florida Highway Patrolman who came to her rescue in the chest at point-blank range. The Trooper escaped serious injury or death only because he was wearing a bullet-proof vest.

Adams first asserts that his four consecutive sentences totalling 144 years confinement are disproportionate to the offenses committed, in violation of the Eighth Amendment.

The Supreme Court has announced and the Eleventh Circuit has applied a three prong test for determining whether a sentence is grossly disproportionate to the severity of the crime in violation of the Eighth Amendment. The factors to be considered are a) the gravity of the offense and the harshness of the penalty, b) the sentence imposed on other criminals in the same jurisdiction, and c) the sentence imposed for commission of the same crime in other jurisdictions. *Solem v. Helm*, 463 U.S. 277 [103 S.Ct. 3001, 77 L.Ed.2d 637] (1983); *McLester v. Smith*, 802 F.2d 1330 (11 Cir.1986); *Seritt v. Alabama*, 731 F.2d 728 (11 Cir.1984).

As to the first factor, Adams argues that he was a first offender and that his crimes, while serious, are "by no means heinous," and do not shock the sensabilities of the "average man." (Pet. Memo pg. 6). This petitioner kidnapped and sexually assaulted a twelve year old girl and shot a Florida Highway Patrolman point-blank in the chest with a .357 Magnum. There can be few more heinous crimes.

As to the second factor, Adams argues that his sentences are more severe than those imposed on other criminals in Florida. His sole basis for this argument is that under the current Florida sentencing guidelines, not in effect when he was sentenced, the recommended sentence for a sexual offense for a person such as he under the circumstances of this case is 12–17 years of incarceration. (Pet. Memo pg. 6).

The Florida sentencing guidelines are not applicable to this case, having been enacted after these sentences were imposed and constituting a statutory scheme of sentencing without eligibility for parole. *Fla.Stat.* § 921.001(8). Adams is eligible for parole and in fact has been assigned a presumptive parole date, with a scheduled reconsideration.

Moreover, Adams was separately sentenced for each of his four separate sentences, not just the sexual battery. Even under the new guidelines he could be sentenced to the maximum on each, for appropriate cause. *Fla.R.Crim.P.* 3.701 d.12.

Finally, a sentence can be imposed outside the guidelines, up to the statutory maximum, if clear and convincing reasons to do so exist. *Fla.Stat.* § 921.001(5); *Fla. R.Crim.P.* § 3.701 d.11.

There has been no showing that the sentences imposed in this case are disproportionate to others imposed in Florida at approximately the same time for like offenses.

As to the third factor, Adams argues that for the same crimes he would be sentenced to no more than 16½ years of imprisonment in Connecticut, 17½ years in Pennsylvania, or 16⅓ years in Minnesota.

Assuming that counsel for Adams has correctly computed the petitioner's possible sentences for his multiple sentences under the current sentencing guidelines for the three states cited, which is by no means clear from the data provided, nevertheless, the application of current sentencing guidelines of these three states to these four felonies committed before development of the current practice of comprehensive sentencing schemes is inappropriate for the same reasons that the current Florida guidelines are not applicable to this case, as previously discussed.

Adams has not established that his sentences are disproportionate under the test of *Solem v. Helm, supra.*

It should be noted that in his formal order denying Adams' motion for post conviction relief, the sentencing Judge stated, in part, that:

The defendant, in this Court's opinion, is mentally disturbed (although not incompetent) and is one of the most dangerous persons ever to appear before this Court over the last 18 years. He cannot live in society as he was and is a danger to the safety of the citizenry.

There has simply been no showing that sentences imposed upon Adams are grossly disproportionate, or disproportionate at all, to the severity of his crimes.

The second claim of this petition is that the Trial Court failed to consider the presentence investigation report and sentenced Adams solely on the basis of the crimes committed, thereby denying him due process.

In his first state motion to vacate proceeding, Adams challenged the validity of information contained in the presentence report. An evidentiary hearing was held, and the motion was denied on its merits, with the Judge stating that he found no material factual errors in the report. (TR/65–67).

In denying the motion to vacate, the trial Judge made oral findings, which included the following remarks:

THE COURT: Here's why I ordered it: Because I'm required to order it. I mean I was ready to sentence Mr. Adams right there when the jury came back and said guilty. I didn't need a presentence investigation.

Mr. Adams was going to get the longest sentence that I could think of. Anybody that tries to kill a police officer with a .357 magnum right at point blank range and sexually batters a little 12 year old girl and kidnaps her doesn't deserve to walk the streets and Mr. Adams was going to get the maximum sentence that I could think of.

The reason for the presentence investigation report is because, as you know, the

Florida rules of criminal procedure require anybody who has never been in prison before or never been convicted of a felony before is entitled to a presentence investigation as long as you are thinking of putting him in jail. That's why it was ordered *and I did keep an open mind to see if it could convince me otherwise* but really the presentence investigation had really no basis whatsoever on my decision. That's about all I could tell you.

My decision was based on the bizarreness of the case and not what was in the presentence investigation. In any event, I just don't see that much discrepancy.

I can't believe the witness—what is her name? Mrs. Strickland? She says she didn't even talk to Miss Lachman. I can't believe Miss Lachman is going to go ahead and make up a whole colloquy between her and Mrs. Strickland if she doesn't even talk to her. That is actually ridiculous so I couldn't accept that.

You know, I just don't see that there is much discrepancy in the statements that were made. I find Miss Lachman, and what you claim to have been said as far as the prior incident which was never brought to trial because of supposedly a statute of limitations problem or whether it was for something else I don't know, really had no basis upon my sentence, and based upon what I'm saying I'm just going to deny the motion. (TR/64–65); (Emphasis added).

On appeal from the denial Adams argued in part that his sentences were unconstitutional because the Trial Court failed to consider the presentence investigation report prior to the sentencing. The denial was affirmed, *per curiam*, without opinion. *Adams v. State*, 461 So.2d 952 (Fla. [App.] 4 Dist.1985).

Adams was sentenced on February 1, 1978. At that hearing the Judge informed Adams and his counsel that he would consider any evidence or statements they wished to present. When counsel said he had nothing to say, the Court specifically addressed the petitioner, who also declined

**1500**

to make a statement. The prosecutor said he would rely on the presentence investigation report. The Judge then, prior to imposing sentence, said that he had reviewed the presentence investigation report. (TR/6).

At the evidentiary hearing the Judge explained that he ordered the report because it was required by law and stated that he did keep an open mind to see if it could convince him that Adams deserved other than a maximum sentence, but that the report ultimately did not affect his decision.

> The Supreme Court has recognized that: ... in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes. *Lockett v. Ohio*, 438 U.S. 586, 604–05 [98 S.Ct. 2954, 2964–2965, 57 L.Ed.2d 973] (1978).

Florida law requires a presentence investigation prior to sentencing in non-capital cases. *Fla.R.Crim.P.* 3.710. The Constitution does not. *Lockett, supra.* This issue raises no federal Constitutional issue, but would fail on the merits if it did, because the record clearly indicates that the Court did consider the report prior to sentencing Adams.

No showing having been made that Adams is in custody in violation of the Constitution or laws of the United States, it is therefore recommended that this petition for writ of habeas corpus be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: September 8, 1987.

/s/ Charlene H. Sorrentino
UNITED STATES
MAGISTRATE

cc: R.H. Bo Hitchcock, Esquire
Joy B. Shearer, Asst. Atty. General.